JAMES D. HOLMAN, ESQ.
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
holman@thwlaw.com

 Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL NORTON and STEVEN DELACUESTA, | Case No. CV-2014-____ |
| Plaintiffs, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRAIL |
| ASSURED PERFORMANCE NETWORK, dba ASSURED PERFORMANCE NETWORK, INC., | |
| Defendant. | |

Plaintiffs Michael Norton and Steven Delacuesta, for cause of action against defendant, state and allege as follows:

1. Plaintiffs are residents of the State of California.

2. Assured Performance Network is a Minnesota business entity which is authorized to transact business in the state of Idaho and which is doing business as Assured Performance Network, Inc.

1 -   COMPLAINT AND DEMAND FOR JURY TRIAL

3. Defendant Assure Performance Network operates a business enterprise in Lemhi County, Idaho known as Zeph Creek Ranch, Zeph Creek Bison, Zeph Creek Bison Company or other similar name. The State of Idaho has jurisdiction over defendant pursuant to Idaho Code §5-514(a), transaction of business in the state.

4. On about June 11, 2014 Assured Performance Network employed plaintiffs to perform construction work on the Zeph Creek Ranch. Assured Performance Network agreed to pay plaintiff Michael Norton a wage of five hundred dollars ($500) per week, and plaintiff Steven Delacuesta four hundred dollars ($400) per week, plus room and board, for five weeks of work.

5. During the course of plaintiff's employment with defendant, defendant Assured Performance Network regularly and consistently required plaintiffs, as a condition of continued employment, to work in excess of 40 hours per week.

6. At the conclusion of plaintiffs' employment, defendant Assured Performance Network refused to pay plaintiffs' wages of five hundred dollars ($500) and four hundred dollars ($400) for plaintiffs' final week of work.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, MINIMUM WAGE

7. Plaintiffs reallege the allegations contained in paragraphs 1-6 as if set forth at length herein.

8. This court has jurisdiction pursuant to 29 U.S.C §216(b) of the Fair Labor Standards Act of 1938, and pursuant to 28 U.S.C. §1367(a).

9. Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1), Fair Labor Standards Act of 1938.

10. During the course of plaintiffs' employment, defendant regularly and consistently required plaintiffs to work so many hours in a week such that plaintiffs' regular rate of pay was less than minimum wage, contrary to the requirements of 29 U.S.C. §206, Fair Labor Standards Act of 1938.

11. Pursuant to 29 U.S.C. §216(b), plaintiffs are entitled to recover from defendant the amount of the unpaid minimum wage, and an additional equal amount as liquidated damages.

12. Pursuant to 29 U.S.C. §216(b), plaintiffs are entitled to recover from defendant plaintiffs' reasonable attorney fees incurred in this action, as well as the costs of the action.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, UNPAID OVERTIME

13. Plaintiffs reallege the allegations contained in 1 through 12 as if set forth at length herein.

14. Notwithstanding the fact that defendant required plaintiffs to regularly and consistently work in excess of forty hours per week, defendant failed to pay to plaintiffs overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

15. Pursuant to 29 U.S.C. §216(b), plaintiffs are entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

16. Pursuant to 29 U.S.C. §216(b), plaintiffs are entitled to recover from defendant plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action.

3 -   COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT III

### CLAIM FOR UNPAID WAGES, IDAHO CODE § 45-601 et seq

17. Plaintiffs reallege the allegations contained in paragraphs 1 through 16 as if set forth at length herein.

18. This court has jurisdiction over the cause of action set forth in Count III pursuant to 28 U.S.C. §1367(a) in that the claim set forth in Count III is so related to claims set forth in Counts I and Count II that they form part of the same case or controversy.

19. This is a claim for unpaid wages under Idaho Code §45-601 et seq.

20. Defendant agreed to pay plaintiff Michael Norton five hundred dollars ($500) per week for five weeks, and agreed to pay plaintiff Steven Delacuesta four hundred dollars ($400) per week for five weeks. Plaintiffs worked for defendant for five weeks, but defendant paid plaintiffs for only four weeks. Defendant has failed and refused to pay to plaintiffs the wages owed for the fifth week of work.

21. Pursuant to Idaho Code §45-615(2), plaintiffs are entitled to damages in the amount of three times the unpaid wages found due and owing, or the penalties set forth in Idaho Code §45-607, whichever is greater.

22. Pursuant to Idaho Code §45-615(2), plaintiffs are entitled to an award of attorney fees plus costs of litigation reasonably incurred in bringing this claim.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that judgment, order and decree of this court as follows:

### COUNT I

1. For plaintiffs' unpaid minimum wage in an amount to be proven at trial;

  2. For liquidated damages in an amount equal to the unpaid minimum wage;

  3. For plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action;

  4. For such other and further relief as the court deems just and equitable.

## COUNT II

  1. For plaintiffs' unpaid overtime compensation in an amount to be proven at trail;

  2. For liquidated damages in an amount equal to the unpaid overtime compensation;

  3. For plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action;

  4. For such other and further relief as the court deems just and equitable.

## COUNT III

  1. For plaintiffs' unpaid wages in an amount to proven at trial;

  2. For damages in the amount of three times the unpaid wages found to due and owing or the penalties set forth in Idaho Code §45-607, whichever is greater.

  3. For plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action;

  4. For such other and further relief as the court deems just and equitable.

DATED this 12th day of November, 2014.

        THOMSEN HOLMAN WHEILER, PLLC


      By:   /s/         
         James D. Holman, Esq.

5 - COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of not less than 12 persons as to all issues triable to a jury.

DATED this 12th day of November, 2014.

                                THOMSEN HOLMAN WHEILER, PLLC

                                By:  /s/_____
                                    James D. Holman, Esq.

JDH:
9965\PLEADINGS\001 Complaint