IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL NORTON and STEVEN DELACUESTA,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSURED PERFORMANCE NETWORK, dba ASSURED PERFORMANCE NETWORK, INC.,<br><br>    Defendants. | Case No. 4:14-CV-486-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it cross-motions for summary judgment. The Court held oral argument on the motions on January 20, 2016, and took them under advisement at the conclusion of the argument. For the reasons expressed below, the Court will grant the plaintiffs' motion, which the Court will treat as a motion for partial summary judgment, and will deny the defendants' motion.

## FACTUAL BACKGROUND

Defendant Assured Performance Network, Inc., owns the Zeph Creek Ranch near Lemhi Idaho. Assured's CEO is defendant Scott Biggs. He hired plaintiffs to install a sprinkler system, remodel buildings, fix fences, landscape yards, and do other similar work on the ranch. At the time, the plaintiffs lived in California, and Biggs drove them in his truck to the ranch in Idaho. They worked for Biggs from June 13, 2014, to July 15,

2014, at which time Biggs fired plaintiff Norton, prompting plaintiff Delacuesta to leave with Norton.

The plaintiffs responded by bringing this lawsuit against Assured and Biggs claiming that they violated the Fair Labor Standards Act (FLSA) by failing to pay the required minimum wage and overtime. The plaintiffs also claim that defendants violated Idaho law by failing to pay them their agreed-upon wages for the last week of their work.

Both sides have brought motions for summary judgment. The issue raised by both motions is whether the plaintiffs are employees or independent contractors. If they are employees, they are covered by the FLSA and the Idaho law; if they are independent contractors, they are not covered by either law. The Court must decide whether this determination can be made as a matter of law or whether its resolution must await a trial.

## LEGAL STANDARDS

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." Id. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id*. at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## ANALYSIS

### FLSA

"Courts have adopted an expansive interpretation of the definition of 'employer' and 'employee' under the FLSA, in order to effectuate the broad remedial purpose of the [FLSA]." *Real v. Driscoll Strawberry Associates, Inc.,* 603 F.2d 748, 754 (9th Cir.1979).

**Memorandum Decision & Order – page 3**

Under that expansive interpretation, "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Id.* To measure dependence, the Circuit has listed six factors for the Court to consider:

> 1)The degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir.1981). But ultimately the Court must examine all the facts and is not bound to consider only these six factors. *Real,* 603 F.2d at 754-55.

The undisputed facts point to only one conclusion in this case – the plaintiffs were entirely dependent upon Biggs while working for him: (1) They were transported from their residences in California to Idaho as passengers in Biggs' car; (2) While at the ranch their only transportation was provided by Biggs; (3) They never had an opportunity to work for others, hire others,[1] or make profits based on their managerial skills; (4) While they provided some small tools, Biggs provided all the heavy equipment and specialized tools; and (5) They relied entirely on Biggs for food and housing.

Biggs points out that he hired the plaintiffs as independent contractors, and filed IRS Form 1099s for both men, listing their pay as "nonemployee compensation" and not

---

[11] At oral argument, defense counsel argued that Delacuesta was Norton's assistant. If the gist of this argument was that Norton should appear more like an independent contractor becaue

**Memorandum Decision & Order – page 4**

withholding any taxes from their pay. *See Exhibits B & C (Dkt. No. 25-5)*. But *Real* holds that "the subjective intent of the parties . . . cannot override the economic realities reflected in the factors." *Id*. at 754. Here, the economic reality is that plaintiffs were entirely dependent on Biggs, regardless of how Biggs labeled the relationship.

Biggs argues, however, that the plaintiffs were "unsupervised and had full authority and autonomy in their agribusiness contract work." *See Biggs Affidavit (Dkt. No. 28-2)* at ¶ 12. Assuming this is true, "[t]he presence of any individual factor is not dispositive of whether an employee/employer relationship exists." *Id.* The other five factors listed above, based on undisputed facts, overwhelm this single factor and compel a decision that the plaintiffs were entirely dependent on Biggs and hence were employees under the FLSA.

## Idaho Law

Like the FLSA, the Idaho law protects only employees and does not extend to independent contractors. *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.*, 851 P.2d 946, 951 (1992). Under Idaho law, the ultimate question in finding an employment relationship is "whether the employer assumes the right to control the time, manner and method of executing the work of the employee, as distinguished from the right merely to require certain definite results in conformity with their agreement." *Burdick v. Thornton*, 712 P.2d 570, 572 (Id.Sup.Ct. 1985); *see also* I.C. § 72–102(9), (13). Four factors are used in determining whether a "right to control" exists, including, (1) direct evidence of the right; (2) the method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability. *Id.*

**Memorandum Decision & Order – page 5**

Here, the undisputed evidence shows that Biggs had the right to terminate the relationship at will and, in fact, did so. He furnished the major items of equipment and he controlled the plaintiffs by assigning them so many tasks that they had no opportunity to work for others or profit from their managerial efforts. In essence, as discussed above in relation to the FLSA claim, Biggs controlled the plaintiffs because he set up an employment relationship where the plaintiffs were completely dependent on him. For these reasons, the Court finds that plaintiffs were employees under the Idaho law.

## Conclusion

The plaintiffs have filed what they entitle as a "motion for summary judgment," but it is really a motion for *partial* summary judgment because it only seeks to resolve the issue whether the plaintiffs are employees as opposed to independent contractors. The issue of damages remains to be litigated. The Court will therefore treat plaintiffs' motion as a motion for partial summary judgment, and grant the motion. The Court will deny the defendants' motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiffs' motion for partial summary judgment (docket no. 26) is GRANTED. Plaintiffs are deemed employees under the FLSA and the Idaho law.

IT IS FURTHER ORDERED, that the defendants' motion for summary judgment (docket no. 25) is DENIED.

IT IS FURTHER ORDERED, that counsel contact the Court's Clerk Jamie Bracke (jamie_bracke@id.uscourts.gov or 208-334-9021) to schedule a trial setting conference where the trial date and associated deadlines can be discussed and set.

DATED: January 21, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court